# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MIGUEL GONZALEZ, | |
| Petitioner, | No. 20 C 2964 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Miguel Gonzalez pled guilty to conspiring to sell cocaine. He is serving a 94-month sentence and has filed a petition to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. The petition is denied.

## Background

In 2015, Gonzalez was charged in two separate narcotics cases in the Northern District of Illinois: 15 CR 262 (conspiring to sell 9-12 kilograms of cocaine) and 15 CR 253 (6 kilograms of cocaine). While on pretrial release, he was charged in a third narcotics case in the Northern District of Indiana. As part of a guilty plea in 15 CR 262, Gonzales stipulated to the conduct in 15 CR 253, and that case was later dismissed. Gonzalez pled guilty in the Indiana case on July 21, 2020, and was sentenced on February 18, 2021 to 36 months' imprisonment to run consecutively to his sentence in this case.

At his change of plea hearing, Gonzalez confirmed that he had read and understood the plea agreement, discussed it with his attorney, and was satisfied with

his attorney's performance. *See* 15 CR 262, R. 234 at 11-12. He also confirmed that he signed the plea agreement voluntarily. *Id.* at 12, 17.

At sentencing, the government argued that Gonzalez had stipulated to responsibility for 18 kilograms of cocaine (twelve kilograms from 15 CR 262 and six from 15 CR 253). *See* 15 CR 262, R. 235. Gonzalez argued that it was only nine, because he should not be held responsible for three kilograms in case 15 CR 262 and the six kilograms from case 15 CR 253 should not affect his sentence in case 15 CR 262. The Court resolved it at 15 kilograms based on the stipulations Gonzalez made in his plea agreement. This resulted in a sentencing range of 87 to 108 months. The Court imposed a 94-month sentence and stated that Gonzalez would have received the same sentence even if the Court had accepted his argument that he was responsible for only the nine kilograms. *Id.* at 67.

Gonzalez also objected to the Presentence Report's inclusion of a two-point enhancement for a leadership role in the conspiracy. The Court agreed, did not include that enhancement, and reduced the sentencing range accordingly. *Id.* at 22.

Gonzalez appealed his sentence and was appointed appellate counsel. However, after reviewing the record, appointed counsel concluded that the appeal was frivolous and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Gonzalez*, 772 F. App'x 358 (7th Cir. 2019). The Seventh Circuit agreed, finding no error "in the judge's calculation of the applicable drug quantity ([having] relied on Gonzalez's own testimony)" or any other aspect of the guidelines range calculation. *Id.* at 359.

Gonzalez filed this 2255 petition pro se, but an attorney filed a reply brief on his behalf. Gonzalez argues that his counsel in the district court and on appeal were constitutionally ineffective. He contends that his counsel in the district court failed in the following ways: (1) to argue that the plea was induced by threat or misrepresentation; (2) to adequately explain the plea agreement terms; (3) to review the PSR with him in-person; (4) to pursue a "safety valve" proffer and accompanying sentencing reduction; (5) to adequately investigate Gonzalez's case; and (6) to consolidate the charges at issue with the charges brought in the Northern District of Indiana. He argues that his appellate counsel was ineffective by not making the arguments Gonzalez asserts in this petition.

**Analysis**

Constitutionally ineffective assistance of counsel means that "counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be considered deficient, counsel's performance must have fallen "below an objective standard of reasonableness." *Id.* at 688. Courts are "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Scanga*, 225 F.3d 780, 783 (7th Cir. 2000).

Gonzalez must also "show that [counsel's] deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688. "Prejudice" means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## I. Trial Counsel

### A. Voluntariness of Plea

Gonzalez claims that his trial counsel was ineffective because counsel permitted the government to force Gonzalez to plead by threatening to bring additional charges. This claim fails for two primary reasons.

First, the "possible coercive impact" of plea negotiations does not constitute a threat or misrepresentation that makes a guilty plea involuntary. *Brady v. United States*, 397 U.S. 742, 754 (1970); *see also id.* at 751 ("a guilty plea is not invalid . . . because it was motivated by defendant's desire to accept" a lesser penalty). Since the government's intent to bring additional charges if Gonzalez did not plead guilty was not improper, counsel's failure to oppose the government's offer cannot be considered ineffective assistance.

Furthermore, Gonzalez affirmed at his change of plea hearing that he had reviewed the plea agreement with his attorney and that he was voluntarily foregoing trial. *See* 15 CR 262, R. 234 at 11-12. Gonzalez stated he had signed the plea agreement voluntarily and that no one had pressured him to sign it. *Id.* at 12. Later in the hearing Gonzalez again confirmed that no one had forced him to plead. *Id.* at 20-21.

Gonzalez has not offered any "compelling explanation" that would make it proper for the Court to find his plea was involuntary in the face of his statements to the contrary at the change of plea hearing. *See United States v. Purnell*, 701 F.3d 1186, 1190-91 (7th Cir. 2012) ("We may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea

4

hearing."). Indeed, the Seventh Circuit already reviewed and rejected Gonzalez's claim that his plea was involuntary. See *Gonzalez*, 772 F. App'x at 358 ("[A]ny argument that the plea was not knowing or voluntary because the colloquy impermissibly deviated from Rule 11 would be frivolous."). That alone is sufficient for the Court to reject it again on this § 2255 petition. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) ("Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances.").

### B. Explanation of Plea Terms

Gonzalez also claims that counsel did not adequately explain the terms of his plea agreement to him. Like his claim that he was induced to plead guilty by threat or misrepresentation, this claim directly contradicts his representations to the Court at his change of plea hearing. Claims of involuntariness that may support a defendant's challenge to their plea agreement "may be insufficient in the context of a record containing substantial indications of voluntariness and lack of confusion." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2005). Such is the case here. Gonzalez testified at his plea hearing that he had read the plea agreement, discussed its contents with his counsel, and understood the terms of the agreement. At the beginning of the plea hearing, the Court invited Gonzalez to interrupt the proceedings at any time if he had a question, *see* 15 CR 262, R. 234 at 4, and he never did. Further, immediately before pleading guilty, the Court asked Gonzalez if he had any questions, and Gonzalez said he did not. *Id.* at 30. Gonzalez's affirmations of understanding about the terms of his plea at the time of his sentencing constitute a substantial indication that he understood

5

the consequences of pleading guilty and the terms of his plea agreement. As such, Gonzalez cannot possibly argue now that he suffered from ineffective assistance of counsel in deciding to plead guilty.

### C. Review of Presentence Report

Gonzalez claims that his counsel's failure to review the Presentence Report with him in person constitutes ineffective assistance. However, as the government notes, Gonzalez testified that he had read the Presentence Report and corresponded with his counsel multiple times regarding its contents. Furthermore, Gonzalez cites no authority for his claim that a failure to review a Presentence Report in-person constitutes constitutional ineffective assistance of counsel.

### D. Safety Valve Proffer and Sentencing Reduction

Gonzalez next claims that his counsel should have pursued a safety valve proffer and accompanying sentencing reduction under U.S.S.G. § 5C1.2. To be eligible for a safety valve reduction, a defendant must meet five prescribed criteria. *See* U.S.S.G. § 5C1.2(a)(1)-(5). The criteria most relevant here is that the defendant "was not an organizer, leader, manager, or supervisor of others in the offense." *Id.* At sentencing, the Court declined to impose an enhancement for being a leader and organizer. *See* R. 235 at 22. Gonzalez argues that because the Court declined to impose this enhancement, he was eligible for the safety valve reduction, and his attorney was deficient for not pursuing it. Gonzalez has the "burden to prove that he would have been eligible for the safety valve reduction." *Emezuo v. United States*, 357 F.3d 703, 709 (7th Cir. 2004).

The Seventh Circuit has explained that "the safety valve provision was enacted by Congress in order to benefit defendants who wished to cooperate with the government but, because they were less culpable, or because their more culpable colleagues had already cut deals with the authorities, they did not have new or useful information to provide." *Emezuo*, 357 F.3d at 708. Gonzalez has not made any argument that he fits this description. At sentencing, the Court found that the government had not demonstrated that Gonzalez was a leader and organizer, in part because the government chose not to have Gonzalez's co-defendants to testify. But the government maintained its contention that Gonzalez was a leader and organizer. The government's decision not to prove that contention through testimony does not mean that Gonzalez would not have been found to be a leader and organizer on a full evidentiary hearing. It also does not serve to demonstrate that Gonzalez was not a leader and organizer, which is his burden. And it is completely speculative as to whether Gonzalez would have provided the truthful proffer required under § 5C1.2(a)(5).

Furthermore, Gonzalez has not demonstrated that he was prejudiced by counsel's decision. Even if Gonzalez had satisfied his burden to demonstrate that he merited the safety valve reduction, his sentencing range would have been 70 to 87 months' imprisonment (instead of the agreed upon 87 to 108 months' imprisonment). At sentencing, in the context of resolving the dispute over the relevant amount of drugs, the court stated that "[its] sentence would be the same even if the range were 70 to 87 months, which is what the defense suggests it should be." *See* 15 CR 262, R. 235 at 67. While the potential reduction discussed at Gonzalez's sentencing is based on different

7

grounds, the court's sentence "would have been the same regardless of which range was applied." *United States v. Howard*, 179 F.3d 539, 545 (7th Cir. 1999). As such, Gonzalez cannot show that he was prejudiced by counsel's failure to pursue a safety valve proffer.

### E. Investigation of Drug Quantity

Gonzalez contends next that his counsel failed to properly investigate the involved drug quantity. The problem with this argument is that Gonzalez stipulated to the amount used in calculating the guidelines. As such, there was no reason for counsel to have investigated further. Additionally, as discussed, the Court stated that its sentence would have been no different had the corresponding point reduction been reflected in the guidelines calculation. Thus, Gonzalez cannot demonstrate either that counsel acted in an objectively unreasonable manner, nor that he was prejudiced by counsel's actions.

### F. Consolidation of Charges

Gonzalez also argues that Counsel was ineffective because he did not consolidate the drug charges pending against Gonzalez in the Northern District of Indiana with the charges at issue here. But this was not possible because the conduct underlying the Indiana charge occurred while Gonzalez was on pretrial release pending resolution of the charges at issue in this case. *See* 18 U.S.C. § 3147 (a sentence given for an offense committed while on pretrial release "shall be consecutive to any other sentence of imprisonment"). In addition, those charges were pending in another jurisdiction, and this Court has no authority to somehow merge that case with this one. Counsel cannot have been effective for failing to ask the Court to do what is prohibited by federal law.

## II. Appellate Counsel

Lastly, Gonzalez argues that his appellate counsel was ineffective because counsel did not make some of the arguments that Gonzalez makes in this petition, primarily that his plea was not knowing and voluntary. As discussed, Gonzalez's claims are baseless. Counsel cannot have been deficient for failing to raise arguments that the Seventh Circuit already determined are meritless.

## III. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Gonzalez's petition rests on application of well-settled precedent. Accordingly, certification of Gonzalez's claims for appellate review is denied.

## Conclusion

Therefore, Gonzalez's § 2255 petition is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 11, 2021